UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-295-MOC

| CEDRIC MCILWAIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| NICHOLAS HENSLEY, et al., | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.　BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983 and 1985 addressing incidents that allegedly occurred at the Avery-Mitchell Correctional Institution.[1] He names as Defendants: Nicholas Hensley, a correctional officer; and Ashley Robertson and Tyler Silver, sergeants. He asserts claims for the "Excessive Use of Force" and "Failure to Protect from Assault" as follows:

> All of the defendants conspired together. I was maced and my head was banged against doors and I was punched severely in head and face while handcuffed behind my back.

[Doc. 1 at 3].

For injury he claims:

> I was pepper sprayed and my head was banged against the doors. I was also punched severely in the head and face while laying on the ground on my stomach defenseless handcuffed behind my back. I suffered loss of hearing in my right hear and bruises. And was in a lot of pain.

---
[1] The Plaintiff was incarcerated at the Marion CI when he filed this action. He is now incarcerated at the Scotland CI.

[Id.]. He seeks damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S.

2

Case 1:23-cv-00295-MOC    Document 10    Filed 02/21/24    Page 2 of 5

CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard and objectively serious … risk of harm." Id.

Accepting the allegations as true for purposes of this initial review and drawing all reasonable inferences in the Plaintiff's favor, his excessive force and failure to protect claims are minimally sufficient to pass initial review in that they are not clearly frivolous.

3

The Plaintiff also asserts a conspiracy claim pursuant to § 1985. To state a claim under Section 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights. Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009). A plaintiff asserting a claim under § 1985 must allege "(1) [a] conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). Courts reject § 1985 claims "whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." Id.

Here, the Plaintiff's conclusory allegation that "all of the defendants conspired together" is completely devoid of supporting factual allegations such that his § 1985 claim cannot proceed. See Simmons, 47 F.3d at 1377; Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, the Plaintiff's § 1985 claims are dismissed without prejudice.

**IV.     CONCLUSION**

4

In sum, the Complaint passes initial review against the Defendants on the Plaintiff's § 1983 claims, but his § 1985 claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(i)-(ii).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] passes initial review on the Plaintiff's § 1983 claims against Defendants Hensley, Robertson, and Silver.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants **Nicholas Hensley, Ashley Robertson, and Tyler Silver**, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: February 21, 2024

Max O. Cogburn Jr.
United States District Judge