# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:23-cv-295-MOC

| | |
|---|---|
| **CEDRIC MCILWAIN,** )<br>)<br>**Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**NICHOLAS HENSLEY, et al.,** )<br>)<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Deem Waiver of Service of Summons Timely Filed [Doc. 15], and on Defendants' filing of a Motion to Dismiss [Doc. 16].

In the Motion to Deem Waiver of Service of Summons Timely Filed, counsel for Defendants asks the Court to accept the service waivers as timely filed due to excusable neglect and to extend the time in which to answer or otherwise respond to the Complaint. The Motion will be granted insofar as the Waivers of Service are accepted as timely filed due to excusable neglect. See Fed. R. Civ. P. 6(b); [Doc. 15]. However, the request for an extension of time in which to answer or otherwise respond to the Complaint will be denied as moot, as a Motion to Dismiss has now been filed.

With regards to the Motion to Dismiss, the Court advises the *pro se* Plaintiff in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that he has a right to respond to the Defendants' Motion to Dismiss.[1] The Court also advises Plaintiff that failure to respond may result in Defendants being granted the relief Defendants seek.

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro, 528 F.2d at 310 ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff

**IT IS, THEREFORE, ORDERED** that:

1. The Defendants' Motion to Deem Waiver of Service of Summons Timely Filed [Doc. 15] is **GRANTED IN PART AND DENIED IN PART** as discussed in this Order.

2. The Clerk is instructed to docket the Service Waivers [Doc. 15 at 5-7] as a separate docket entry.

3. The Plaintiff shall respond to the pending Motion to Dismiss within **thirty (30) days** of entry of this Order. Failure to file a timely response will likely lead to the granting of relief that Defendants seek.

**IT IS SO ORDERED.**

Signed: June 17, 2024

Max O. Cogburn Jr.
United States District Judge

---

be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that *pro se* plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."), *abrogated on other grounds by* Wilkins v. Gaddy, 559 U.S. 34 (2010). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.