UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-295-MOC

| | |
|---|---|
| CEDRIC MCILWAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF** |
| NICHOLAS HENSLEY, et al., ) | **DECISION AND ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants Nicholas Hensley, Ashley Robertson, and Tyler Silver's Motion to Dismiss for Lack of Jurisdiction [Doc. 16].

**I.   BACKGROUND**

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983 and 1985 addressing incidents that allegedly occurred at the Avery-Mitchell Correctional Institution. [Doc. 1]. The Complaint passed initial review on Plaintiff's § 1983 claims against Defendants Hensley, Robertson, and Silver, for the the use of excessive force and failure to protect. [Doc. 10]. Plaintiff's § 1985 claims were dismissed without prejudice. [Id.]. The Defendants waived service. [See Doc. 19].

Presently before the Court is the Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Docs. 16: MTD]. The Defendants argue that, because the Complaint fails to specify whether the Plaintiff is suing the Defendants in their individual or official capacities, this action should be construed as seeking damages against the Defendants in their official capacities, and it should be dismissed as barred by sovereign immunity. [Doc. 17: MTD Memo]. The Court notified the Plaintiff of the opportunity to respond to Defendant's

Motion. [Doc. 18: Roseboro[1] Order]. The Plaintiff responded that he is suing the Defendants only in their individual capacities. [Docs. 20, 22]. The Defendants do not intend to reply. [Doc. 23]. Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Where a defendant raises either Eleventh Amendment or sovereign immunity in seeking dismissal of a claim, that motion is properly considered pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as the defendant is contending that the court lacks subject matter jurisdiction over the plaintiff's claim. Dickinson v. Univ. of N.C., 91 F. Supp. 3d 755, 761 (M.D.N.C. 2015); Johnson v. North Carolina, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012) (citing Abril v. Virginia, 145 F.3d 182, 184 (4th Cir. 1998)); Beckham v. Nat'l R.R. Passenger Corp., 569 F. Supp. 2d 542, 547 (D. Md. 2008). At the pleading stage, when a defendant raises immunity as grounds for a 12(b)(1) motion, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

## III. DISCUSSION

Pro se filings are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

A plaintiff is not required to expressly plead the capacity in which he is suing a defendant in order to state a cause of action under § 1983, although it is preferable for a plaintiff to do so. Biggs v. Meadows, 66 F.3d 56, 60 (4th Cir. 1995); see Hafer v. Melo, 502 U.S. 21, 24 n* (1991) (noting that "[i]t is obviously preferable for the plaintiff to be specific in the first instance to avoid any ambiguity") (internal citations and quotations omitted). In cases where the complaint does not clearly specify whether officials are sued personally, in their official capacity, or both, "[t]he course of proceedings" typically will indicate the nature of the liability sought to be imposed. Brandon v. Holt, 469 U.S. 464, 469 (1985).

In the instant case, the Court liberally construed the Complaint on initial review. [Doc. 10 at 2]. Because the Complaint is silent as to capacity, the Court assumed that the Plaintiff was attempting to assert claims for dagames against the Defendants in their individual capacities and allowed the Plaintiff's § 1983 claims to pass initial review. The Plaintiff confirmed his intent to sue the Defendants in their individual capacities in his Responses to the Defendants' Motion to Dismiss. [Docs. 20, 22]. The Defendants' present contention that the Complaint should be construed as solely seeking damages against them in their official is rejected and the Motion to Dismiss is denied. The Defendants will be required to answer or otherwise respond to the Complaint.

IV. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss is denied and the Defendants will be required to answer or otherwise respond to the Complaint.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendants Nicholas Hensley, Ashley Robertson, and Tyler Silver's Motion to Dismiss for Lack of Jurisdiction [Doc. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants shall answer or otherwise respond to the Complaint within **twenty-one (21) days** of this Order.

**IT IS SO ORDERED.**

Signed: August 7, 2024

Max O. Cogburn Jr.
United States District Judge